UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

MARITES P. VOCES, INDIVIDUALLY                CIVIL ACTION NO.:   4:14cv-525
AND ON BEHALF OF THE ESTATE OF
PETER JORGE E. VOCES, DECEASED, AND
AS NEXT FRIEND OF J. M., M. J. V., M. P. V.,
and P. V., MINOR CHILDREN,

     Plaintiffs,

-v-

ENERGY RESOURCE TECHNOLOGY,
G.O.M., L.L.C. and TALOS ENERGY,
L.L.C.,

     Defendants.

## PLAINTIFFS' COMPLAINT

### I. PARTIES

1. Plaintiffs are Marites P. Voces, individually and on behalf of the estate of Peter Jorge E. Voces, and as next friend of J. V., M. J. V., M. P. V., and P. V., minor children. Marites P. Voces is the spouse of Peter Jorge E. Voces. J. V., M. J. C., M. P. V., and P.V., are minor children of Peter Jorge E. Voces and Marites P. Voces. Plaintiffs are citizens of the Republic of the Philippines.

2. Defendant Talos Energy, L.L.C. is a Delaware corporation with its headquarters located at 1600 Smith St., Ste. 5000, Houston, TX 77002. It may be served through its registered agent for service of process, John Harrison, 1600 Smith St., Ste. 5000, Houston, Texas 77002.

3. Defendant Energy Resource Technology, GOM, LLC. is a Delaware corporation with its headquarters at 1600 Smith St., Ste. 5000, Houston, Texas 77002. It may be served

through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## II.  JURISDICTION AND VENUE

4.	Peter Voces was working on a fixed platform in the Gulf of Mexico (Vermilion 200 Block, "the Platform") on October 27, 2013 when a falling tank knocked him from the rig and into the water.  His body was found the next day, pinned underneath the tank in approximately one hundred feet of water.  The Platform is located in the Gulf of Mexico, approximately 50 miles south of Freshwater Bayou, Louisiana, in approximately 100 feet of water. Upon information and belief, the Platform is owned and operated by Talos Energy, LLC and the Platform was being decommissioned at the time of the incident.

5.	The Platform is a fixed platform located on the continental shelf off the coast of Louisiana in the Vermilion 200 block of the Gulf of Mexico and is attached to the seabed.  The Platform is an artificial island pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. 1301 ("OCSLA").

6.	Upon information and belief, Peter Voces was working on the Platform as a welder and was not engaged in a traditional maritime activity when he was knocked from the Platform.

7.	Pursuant to 43 U.S.C. 1332 (2)(A), state laws are declared to be the law of the United States for fixed structures that would be within the area of the state if its boundaries were extended seaward to the outer margin of the continental shelf.  Consequently, this matter is governed by the State Law of Louisiana.

8.  While Louisiana civil law governs this matter, this Court has jurisdiction over this action pursuant to 14 U.S.C. 1332 (2)(A) (giving federal courts jurisdiction over OCSLA claims while applying state law).

9.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1), because all Defendants reside in this judicial district. Venue is also proper in this District pursuant to 43 U.S.C. 1349(b)(2) because Defendants reside in this judicial district.

### III.  FACTUAL BACKGROUND

**A.  Energy Resource Technology/Talos**

10.  Energy Resource Technology GOM (ERT) is headquartered in Houston, Texas. It was purchased by Talos Energy in 2013. Upon information and belief, ERT contracted with Offshore Specialty Fabricators, LLC to dismantle the Platform, and ERT supervised the decommissioning and dismantling of the Platform. Talos Energy is the owner and operator of the Platform.

11.  ERT has a history of safety problems. It recently became the second Gulf operator placed on a Performance Improvement Plan by the federal Bureau of Safety and Environmental Enforcement. The only other operator on a Performance Improvement Plan is Black Elk, which owns a platform that exploded in November of 2012, killing three workers.

12.  In August 2011, a fatal crane accident occurred on an ERT platform in the Gulf of Mexico. The platform crane was lifting a generator when wire ropes failed, the generator crashed to the deck, the crane boom broke, and a metal bridle piece struck a rigger, killing him. A federal accident investigation found that ERT had no internal guidelines for crane operations and inspections. Among the problems noted were severely corroded boom wire rope, and critical lubrication and corrosion issues that had gone undetected during inspections.

13.     ERT was ordered to shut down facilities five times in 2012, and on 25 occasions, inspectors told the company to shut-in specific activities or equipment that posed a risk. In March 2010, it was fined $105,000 after a platform fire when ERT was found to be aware of issues preceding the incident, but did not act in a timely manner to address them.

**B.     The Death Of Peter Voces**

14.     On October 27, 2013, Peter Voces was working on the Platform. The Platform was not in operation and was being decommissioned. At approximately 7:30 p.m., a 300 barrel tank, measuring approximately 80x16 feet, detached from the Platform and knocked Peter Voces into the Gulf of Mexico. At the time he was knocked into the Gulf, Peter Voces was not engaged in maritime activities, but was instead engaged in a construction project on the Platform.

15.     The U.S. Coast Guard conducted a search and Peter Voces's body was found by divers on October 28, 2012. His body was found below the Platform, pinned underneath the tank in 100 feet of water.

16.     Peter Voces was knocked into the Gulf of Mexico and died due to no fault of his own, but solely due to the negligence of the Defendants as set forth more fully herein.

17.     Upon information and belief, failure to inspect and secure the tank prior to work caused it to break free and fall, causing the death of Peter Voces.

### IV.  CAUSES OF ACTION

**A.     Application Of OCSLA**

18.     Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

19.     This action is governed by 43 U.S.C. 1301, the Outer Continental Shelf Lands Act, because the incident took place on a fixed platform on the continental shelf, maritime law does not apply of its own force, and the applicable laws of the State of Louisiana are not

inconsistent with Federal law. Consequently, the law of the State of Louisiana applies as surrogate federal law under OCSLA.

**B.     Cause Of Action – Survival Action For Negligence Pursuant To La. Civ. C. Art. 2315.1**

20.    Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

21.    Pursuant to La. Civ. C. Art. 2315.1, Marites P. Voces, surviving spouse of Peter Jorge E. Voces, and as next friend of J. V., M. J. V., M. P. V., and P. V., minor children, brings claims for all damages for injury to Peter Jorge E. Voces.

22.    The elements of damage for the survival action are pain and suffering, loss of earnings, and other damages sustained by Peter Voces up to the moment of death. If there is even a scintilla of evidence showing any pain or suffering by a victim prior to his death, damages are warranted in a survival action.

23.    Peter Voces endured pain and suffering prior to his death, as he was dragged 100 feet below the surface of the Gulf where he was pinned to the ocean floor. Peter Voces also lost earnings and suffered other economic damages prior to his death.

**C.     Cause Of Action – Wrongful Death Pursuant To La. Civ. C. Art. 2315.2**

24.    Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

25.    Pursuant to La. Civ. C. Art. 2315.2, Marites P. Voces, surviving spouse of Peter Jorge E. Voces, and as next friend of J. V., M. J. V., M. P. V., and P. V., minor children, brings claims for all damages for injury to Peter Jorge E. Voces.

26.    La. Civ. C. Art 2315.2 grants to designated beneficiaries the right to recover from a tortfeasor such damages as the beneficiaries have suffered if a person dies as a result of a tort. The wrongful death action is intended to compensate the beneficiaries for compensable injuries

suffered from the moment of death and thereafter. Peter Voces died as a result of the negligence and gross negligence of the Defendants and the Plaintiffs have suffered damages as a result.

**D.     Cause Of Action – Negligence Pursuant To La. Civ. C. Art. 2315 & 2316**

27.     Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

28.     The conduct of the Defendants created a dangerous condition at the Platform. The Defendants' actions and omissions caused the tank to break free and fall, and caused the death of Peter Voces.

29.     Defendants owed a duty of care to the Plaintiff to provide a safe working environment, hazard identification, training, oversight, safety management procedures, proper supervision, sufficient personnel, and to exercise due care and caution. Upon information and belief, Defendants failed to adequately brief, instruct, and direct Voces on the Platform, and failed to inspect and secure the tank prior to work being performed. Defendants breached their duties to Peter Voces and the breach caused the death of Peter Voces. As a result of his injury and death, Peter Voces and his wife and children have suffered damages.

**E.     Cause Of Action – Strict Liability Pursuant To La. Civ. C. Art. 2317.1**

30.     Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

31.     The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. Civ. C. Art. 2317.1.

32.     Talos Energy is the owner of the Platform. Talos and ERT acted as custodians of the Platform. That Platform contained defects which presented an unreasonable risk of harm to

workers on the Platform, including Peter Voces. Among those defects were tanks that had not been properly secured and hazards that had not been properly identified. Those defects caused the tank to fall and the death of Peter Voces. Defendants knew, or in the exercise of reasonable care should have known, of the defects and dangerous conditions on the Platform. Defendants failed to exercise reasonable care which would have prevented the explosion.

**F.     Gross Negligence**

33.     Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

34.     La. Civ. C. Art. 3546 provides that a Louisiana court can award punitive damages if two of three criteria are met: (1) punitive damages are authorized by the state where the injury-causing conduct occurred; and/or (2) punitive damages are authorized by the state where the injury occurred; and/or (3) punitive damages are authorized by the state where the defendant is domiciled.

35.     Talos is headquartered and domiciled in Houston, Texas. ERT is headquartered and domiciled in Houston, Texas. Conduct that caused these injuries, including but not limited to their decisions regarding safety policies, procedures, and protocol, occurred at their Houston, Texas headquarters. In Texas, corporate safety policies, or the lack of them, can serve as the basis for a gross negligence finding, as can failure to supervise employees, vice principals, and corporate operations. Louisiana law authorizes this Court to apply Texas exemplary damages law under La. Civ. C. Art. 3546.

36.     Under Texas Law, Defendants are liable to Plaintiffs for exemplary damages for gross negligence pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(a)(3). Peter Voces's death resulted from Defendants' willful acts or omissions or from Defendants' gross negligence, which

also entitles Peter Voces's spouse and children to exemplary damages under Texas Constitution art. XVI, § 26.

37. The acts and omissions of Defendants involved an extreme degree of risk, considering the probability and magnitude of harm to others, and Defendants had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, and welfare of others.

38. Application of Texas law is supported by La. Civ. C. Art. 3543, which provides that issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for another standard of conduct.

39. Application of Texas law is further supported by La. Civ. C. Art. 3547, which provides that issues of delictual obligations are governed by the law of the state whose policies would be more seriously impaired if, under the principles of La. Civ. C. Art. 3542, its law were not applied to the particular issue. Failure to apply the law of Texas would more seriously impair the policies of the State of Texas. Exemplary damages are a remedy enshrined in the Texas Constitution. Application of Texas law is supported by Texas' contacts to the parties and events giving rise to the injury, the place of conduct, the domicile, residence and place of business of the parties, as well as the policies of deterring wrongful conduct and repairing the consequences of injurious acts.

## V. DAMAGES

40. Plaintiffs incorporate each allegation set forth above as if set fully forth herein.

41. Defendants proximately caused injury and death to Peter Voces, which resulted in the following damages to the Plaintiffs:

The estate of Peter Voces:

    a. Physical pain in the past.

    b. Mental anguish in the past.

    c. Disfigurement in the past.

    d. Physical impairment in the past.

    e. Medical expenses in the past.

    f. Loss of earning capacity in the past and future.

    g. Loss of consortium in the past.

    h. Exemplary & Punitive damages.

Marites P. Voces, J. V., M. J. V., M. P. V., and P. V.:

    a. Loss of companionship and guidance in the past and future.

    b. Mental anguish in the past and future.

    c. Loss of earning capacity and support in the past and future.

    d. Loss of consortium in the past and future.

    e. Loss of household services in the past and future.

    f. Exemplary and Punitive damages.

## VI. PRAYER

42. For these reasons, Plaintiffs ask for judgment against Defendants for the following:

    a. Actual damages;

    b. Exemplary damages;

    c. Pre-judgment and post-judgment interest;

    d. Costs of suit;

    e. Attorney's fees and expert witness fees pursuant 43 U.S.C. 1349(b)(2);

  f. All other relief to which they may be entitled or which the Court deems appropriate.

## VII.  JURY TRIAL DEMAND

43. Plaintiffs demand a trial by jury as to all claims.

    Respectfully submitted,

    /s/ Peter B. Schneider
    Peter B. Schneider (Texas Bar No. 00791615)
    Ryan R. C. Hicks (Texas Bar No. 24008896)
    SCHNEIDER WALLACE
    COTTRELL KONECKY LLP
    3700 Buffalo Speedway, Suite 1100
    Houston, Texas  77098
    Telephone: (713) 338-2560
    Facsimile: (866) 505-8036
    pschneider@schneiderwallace.com
    rhicks@schneiderwallace.com

    *Attorney-In-Charge for Plaintiffs*